**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Daniel Boos, | Civ. No. 21-2177 (SRN/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Kallis, | |
| Respondent. | |

Daniel Boos, *pro se* Petitioner.

Ana H. Voss, Esq., Chad A. Blumenfield, Esq., United States Attorney's Office, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

Petitioner Daniel Boos is an inmate currently serving a term of imprisonment imposed in the Western District of Wisconsin for maintaining a place for drug use and distribution and possession of firearms by a convicted felon. (Doc. No. 1, Pet.; Doc. No. 7, Declaration of Todd Valento ("Valento Decl.") ¶ 20.) On October 4, 2021, Boos filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 contending that, due to difficulties faced because of the COVID-19 pandemic, he should receive "Hardship Credit" applied to his sentence. (*See generally* Pet.) Respondent filed a response on November 26, 2021, arguing that he is not aware of any "Hardship Credit" and that, to the extent Boos is arguing that he is entitled to home confinement or a reduction of sentence, the Court lacks jurisdiction. (Doc. No. 6.)

Habeas corpus relief generally is unavailable unless the prisoner can establish that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Boos does not contend that his detention is *unlawful*. Rather, he argues the conditions of his confinement have been more restrictive due to the COVID-19 pandemic and thus he should receive a "Hardship Credit" applied to his sentence, i.e., an additional two days removed from his sentence for each day served in prison starting from April 2020 "till the end of the pandemic or when the facility gets back to normal." (Pet. 4.)

Boos does not set forth any legal authority that specifically entitles him to this "Hardship Credit," nor is this Court aware of any. *See Ybarra v. Kallis*, No. 21-cv-02062 (ECT/KMM), 2021 WL 5235141, at *1 (D. Minn. Nov. 10, 2021) ("[Petitioner] seeks 'hardship credits' but without setting forth any legal authority (and the Court is not aware of any) that entitles him to such credit on his sentence."). The only legal authority Boos does cite are two cases from the Southern District of New York arising under 18 U.S.C. § 3582(c). (*See* Pet. 3 (citing *United States v. Rodriguez*, 492 F. Supp. 3d 306 (S.D.N.Y. 2020) and *United States v. Mcrae*, No. 17-CR-643 (PAE), 2021 WL 142277 (S.D.N.Y. Jan. 15, 2021).) But those cases are not informative here. As explained above, the writ of habeas corpus is reserved for ending unlawful detention. By contrast, § 3582(c) permits a sentencing court to modify a term of imprisonment on equitable grounds, such as where "extraordinary and compelling reasons" warrant a sentence modification. 18 U.S.C. § 3582(c)(1)(A). "[S]entencing courts have, indeed, modified terms of imprisonment under § 3582(c)(1)(A) to take account of the more-severe-than-anticipated conditions of

confinement caused by the pandemic." *Ybarra v. Kallis*, No. 21-CV-2062 (ECT/KMM), 2021 WL 5235335, at *1 (D. Minn. Oct. 1, 2021), *report and recommendation adopted sub nom.*, 2021 WL 5235141 (D. Minn. Nov. 10, 2021). But this Court is not Boos's sentencing court – the Western District of Wisconsin is; thus, this Court "has no authority to modify pursuant to § 3582(c) a sentence imposed in another venue." *Id.* (citing *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020) ("[O]nly the sentencing court is authorized to reduce a term of imprisonment [under § 3582(c)]."); *Washington v. Warden Canaan USP*, 858 F. App'x 35 (3d Cir. 2021) (per curiam) (affirming dismissal of habeas petition where the "District Court noted that, insofar as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) was embedded in [the petitioner's] habeas petition, such a request needed to be directed to the sentencing court . . . .")).

Moreover, to the extent Boos's petition relates to the conditions of his confinement, not the legality or execution of his sentence as contemplated by § 2241, "then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). That is because the writ of habeas corpus is reserved for attacks on the legality of the fact or duration of confinement, not attacks on the conditions of confinement. *See Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014). In such a case, Boos "must bring such a claim in a traditional civil proceeding, rather than in a habeas corpus proceeding." *Ybarra*, 2021 WL 5235335, at *2.

Even if this Court were to construe Boos's petition liberally as a home confinement request pursuant to the First Step Act and CARES Act (the only form of possible relief Respondent states he could grant him), Boos still would not be entitled to

3

relief.[1] Courts in this District have held that "the BOP has exclusive authority to determine the placement of prisoners . . . [and n]either the CARES Act nor the FSA alters this authority." *United States v. Vang*, No. 16-cr-277 (DWF/KMM), 2020 WL 4704875, at *2 (D. Minn. Aug. 13, 2020) (collecting cases); *see also United States v. Kluge*, No. 17-cr-61 (DWF), 2020 WL 209287, at *3 (D. Minn. Jan. 14, 2020) ("Nothing in the statutes amended by the FSA permits the Court to place Defendant in home confinement. Under the FSA, the authority to place a prisoner remains with the BOP."). "Moreover, Courts have consistently held that placement questions are not reviewable." *Vang*, 2020 WL 4704875, at *2 (collecting cases). And "[i]t is well-established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement . . . Home Confinement is a place of confinement." *United States v. James*, No. 15-cr-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) (citations omitted). Accordingly, to the extent Boos's petition could be construed as a request pursuant to the First Step Act and CARES Act for home confinement, this Court does not have jurisdiction over any home confinement claim.

---

[1] As further background, in May 2020, Federal Medical Center–Rochester (where Boos, a seventy-year-old man, is incarcerated) submitted Boos to the Federal Bureau of Prisons' ("BOP") Central Office Committee to be considered for CARES Act home confinement. (Valento Decl. ¶ 21.) The Committee denied the request for home confinement due to Boos's prior sex offense conviction. (*Id.* ¶ 22.) The BOP's review also determined that Boos's prior sex offense conviction precluded him from eligibility for Elderly Home Confinement under the First Step Act. (*Id.* ¶ 23); 34 U.S.C. § 60541(g)(5)(A)(iv).

Thus, because the law does not entitle Boos to a "Hardship Credit," and this Court lacks jurisdiction over any request for home confinement or a reduction of sentence, this Court recommends that Boos's habeas corpus petition be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus pursuant to § 2241 (Doc. No. 1) be **DENIED**; and

2. This matter be **DISMISSED WITHOUT PREJUDICE**.

Date: June 15, 2022                         *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge

## NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within **14 days** after being served a copy" of the Report and Recommendation. A party may respond to those objections within **14 days** after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).